**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SAMUEL & STEIN
David Stein (DS 2119)
38 West 32nd Street, Suite 1110
New York, NY 10001
(212) 563-9884
dstein@samuelandstein.com

Law Offices of Vincent S. Wong
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
vswlaw@gmail.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jin Rong Zhou, on behalf of herself and all other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　- vs. –<br><br>Long Sheng Restaurant Inc. d/b/a Xiao Du Hui Restaurant, Xiao Du Hui Cuisine Inc. d/b/a Xiao Du Hui Restaurant, Shi Jing Chen, Wen Guang Chen, and John Does #1-#10,<br><br>　　　　Defendants. | DOCKET NO. 14-CV-1848 (ILG)(LB)<br><br>**FIRST AMENDED COMPLAINT** |

　　　Plaintiff Jin Rong Zhou, by and through her

undersigned attorneys, for her complaint against defendants

Long Sheng Restaurant Inc. d/b/a Xiao Du Hui Restaurant,

Xiao Du Hui Cuisine Inc. d/b/a Xiao Du Hui Restaurant, Shi

Jing Chen, Wen Guang Chen, and John Does #1-#10, alleges as follows, on behalf of herself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiff Jin Rong Zhou alleges on behalf of herself and on behalf of other similarly situated current and former employees of defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Plaintiff further complain on behalf of herself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the

supporting New York State Department of Labor regulations, (iii) compensation for defendants' violation of the "spread of hours" regulations pursuant to New York Labor Law and the supporting regulations, (iv) compensation for defendants' unlawful retention of employee tips, (v) liquidated damages pursuant to New York Labor Law for these violations, and (vi) statutory damages for violations of the Wage Theft Prevention Act.

### **THE PARTIES**

3.   Plaintiff Jin Rong Zhou is an adult individual residing in Queens, New York.

4.   Upon information and belief, defendant Long Sheng Restaurant Inc. d/b/a Xiao Du Hui Restaurant is a New York corporation with a principal place of business at 135-19 40th Road, Flushing, New York.

5.   At all relevant times, defendant Long Sheng Restaurant Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6.   Upon information and belief, at all relevant times, Long Sheng Restaurant Inc. has had gross revenues in excess of $500,000.00.

7.  At all relevant times herein, Long Sheng
Restaurant Inc. has used goods and materials produced in
interstate commerce, and has employed two or more
individuals who handled these goods and materials.

8.  Upon information and belief, defendant Xiao Du
Hui Cuisine Inc. d/b/a Xiao Du Hui Restaurant is a New York
corporation with a principal place of business at 135-19
40th Road, Flushing, New York.

9.  At all relevant times, defendant Xiao Du Hui
Cuisine Inc. has been, and continues to be, an employer
engaged in interstate commerce and/or the production of
goods for commerce within the meaning of the FLSA, 29
U.S.C. §§ 206(a) and 207(a).

10.  Upon information and belief, at all relevant
times, Xiao Du Hui Cuisine Inc. has had gross revenues in
excess of $500,000.00.

11.  At all relevant times herein, Xiao Du Hui Cuisine
Inc. has used goods and materials produced in interstate
commerce, and has employed two or more individuals who
handled these goods and materials.

12.  Upon information and belief, at all relevant
times, defendants Long Sheng Restaurant Inc. and Xiao Du
Hui Cuisine Inc. (collectively, "Xiao Du Hui") have jointly
operated the restaurant doing business as Xiao Du Hui

Restaurant, and have constituted an "enterprise" as defined in the FLSA.

13.   Upon information and belief, defendant Shi Jing Chen is an owner or part owner and principal of Xiao Du Hui, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.   Defendant Shi Jing Chen was involved in the day-to-day operations of Xiao Du Hui Restaurant and played an active role in managing the business.

15.   Upon information and belief, defendant Wen Guang Chen is an owner or part owner and principal of Xiao Du Hui, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.   Defendant Wen Guang Chen was involved in the day-to-day operations of Xiao Du Hui Restaurant and played an active role in managing the business.

17.   Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Defendants, whose identities are unknown at this time, who participated in the day-to-day operations of Defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers"

pursuant to the FLSA, New York Labor Law, and federal and
state implementing regulations.

18.   Defendants constituted "employers" of Ms. Zhou as
that term is used in the Fair Labor Standards Act and New
York Labor Law.

## JURISDICTION AND VENUE

19.   This Court has subject matter jurisdiction over
this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and
supplemental jurisdiction over plaintiff's state law claims
pursuant to 28 U.S.C. § 1367.  In addition, the Court has
jurisdiction over plaintiff's claims under the FLSA
pursuant to 29 U.S.C. § 216(b).

20.   Venue is proper in this district pursuant to 28
U.S.C. § 1391 because defendants' business is located in
this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

21.   Pursuant to 29 U.S.C. § 216(b), Ms. Zhou seeks to
prosecute her FLSA claims as a collective action on behalf
of herself and a collective defined as follows:

> All persons who are or were employed by
> defendants in the United States at any time since
> March 21, 2011, to the entry of judgment in this
> case (the "Collective Action Period"), who worked
> as servers, dishwashers, stockers, cleaners, food
> preparers, cooks, bussers, delivery persons,
> and/or all other hourly employees, and who were
> not properly paid the minimum wage and/or

overtime compensation (the "Collective Action Members").

22. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Ms. Zhou seeks to prosecute her New York Labor Law claims on behalf of herself and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since March 21, 2008, to the entry of judgment in this case (the "Class Period"), who worked as servers, dishwashers, stockers, cleaners, food preparers, cooks, bussers, delivery persons, and/or all other hourly employees, and who were not properly paid the minimum wage, overtime compensation, and/or spread of hours compensation, who had tips improperly retained, or who were not provided with appropriate annual or weekly wage notices (the "Class Members").

23. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

24. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

25. Plaintiff will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

26. Plaintiff's claims are typical of the claims of the putative Class and Collective Action Members, and plaintiff has no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

27. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

28. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

29. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to

plaintiff and other putative Class/Collective Action Members are the following:

    a. Whether defendants failed and/or refused to pay the Collective Action Members at a rate at least equal to the statutory minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

    b. Whether defendants failed and/or refused to pay the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    c. Whether defendants failed and/or refused to pay the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of New York wage and hour laws and the regulations promulgated thereunder;

    d. Whether defendants failed and/or refused to pay the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

    e. Whether defendants failed and/or refused to pay plaintiff and the putative Class Members the

"spread of hours" premiums required by New York Labor Law;

f.  Whether defendants improperly retained tips belonging to plaintiff and the putative Class Members.

g.  Whether defendants failed and/or refused to provide plaintiff and the putative Class Members with the annual and weekly pay notices required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

h.  Whether defendants failed and/or refused to pay plaintiff and the putative Class members on an hourly basis after January 1, 2011, in violation of 12 N.Y.C.R.R. § 146-2.5.

i.  Whether defendants failed to keep true and accurate time records for all hours worked by plaintiff and the putative Class or Collective Action Members;

j.  Whether defendants' violations of the FLSA are willful, or not made in good faith, as those terms are used within the context of the FLSA; and

k.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as

those terms are used within the context of New York Labor Law.

30. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

## FACTS

31. At all relevant times herein, defendants have owned and operated a Chinese restaurant in Flushing, New York.

32. Jin Rong Zhou was employed by defendants as a server from approximately May 2006 through June 2013.

33. Ms. Zhou's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

34. At all relevant times herein, Ms. Zhou was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

35. During the course of Ms. Zhou's employment, she routinely worked six days per week, eleven hours per day.

36. As a result, Ms. Zhou worked 66 hours virtually every week of her employment.

37. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

38. Ms. Zhou was paid at a rate of $800, once per month, by defendants.

39. Ms. Zhou was paid in cash, and did not receive wage statements with her checks identifying her regular or overtime hours worked or regular and overtime rates of pay.

40. Defendants willfully failed to pay Ms. Zhou an amount at least equal to the federal or New York state minimum wages in effect during relevant time periods.

41. In addition to her pay, Ms. Zhou generally received tips during her employment.

42. Specifically, defendants would pool all tips and then periodically dole them out to employees in cash, keeping approximately half of the tip pool for ineligible members of management.

43. Additionally, defendants never provided Ms. Zhou with any notice regarding the "tip credit" and had no agreement in place with Ms. Zhou regarding a tip credit.

44. Moreover, even *with* her tips, Ms. Zhou's compensation generally fell significantly short of the statutory minimum wage.

45. Upon information and belief, defendants did not keep accurate records of the tips received by Ms. Zhou or the other employees.

46. In addition, defendants willfully failed to pay Ms. Zhou the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

47. Ms. Zhou typically worked six shifts each week that lasted in excess of ten hours per day from start to finish, yet defendants willfully failed to pay her one additional hour's pay at the minimum wage for each day she worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

48. Defendants failed to provide Ms. Zhou with written annual notices of her regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

49. Defendants failed to provide Ms. Zhou with weekly wage statements accurately reflecting her compensation or hours worked, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

50. Upon information and belief, throughout the period of Ms. Zhou's employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Ms. Zhou (the Class and Collective Action Members) in non-exempt positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

51. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and New York Labor Law, or (3) an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours, in violation of New York Labor Law.

52. Defendants also unlawfully retained a portion of tips belonging to other tipped employees who worked for defendants.

53. Upon information and belief, these other individuals were also not provided with required annual or weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

54.  Defendants' policy of paying Ms. Zhou and the class members on a monthly basis rather than on an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

55.  Upon information and belief, while defendants employed Ms. Zhou and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

56.  Upon information and belief, while defendants employed Ms. Zhou and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(Fair Labor Standards Act – Minimum Wage)**

57.  Ms. Zhou, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58.  At all relevant times, defendants employed Ms. Zhou and the Collective Action Members within the meaning of the FLSA.

59. Defendants failed to pay compensation greater than the statutory minimum wage to Ms. Zhou and the Collective Action Members for all hours worked.

60. As a result of defendants' failure to compensate Ms. Zhou and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Due to defendants' FLSA violations, Ms. Zhou and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

63. Ms. Zhou, on behalf of herself and the members of the class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Ms. Zhou and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated the rights of Ms. Zhou and the members of the class by failing to pay them compensation in excess of the minimum wage in violation of the New York Labor Law §§ 190-199, 652 and the applicable regulations.

66. Defendants' failure to pay compensation in excess of minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to defendants' New York Labor Law violations, Ms. Zhou and the members of the class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

68. Ms. Zhou, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, defendants employed Ms. Zhou and each of the Collective Action Members within the meaning of the FLSA.

70. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

71. As a result of defendants' failure to compensate their employees, including Ms. Zhou and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Due to defendants' FLSA violations, Ms. Zhou and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

74.   Ms. Zhou, on behalf of herself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75.   At all relevant times, Ms. Zhou and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76.   Defendants violated Ms. Zhou's rights and the rights of the members of the class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

77.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78.   Due to defendants' New York Labor Law violations, Ms. Zhou and the members of the class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees,

and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

79.  Ms. Zhou, on behalf of herself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80.  At all relevant times, Ms. Zhou and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81.  Defendants willfully violated Ms. Zhou's rights and the rights of the members of the class by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

82.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

83.  Due to defendants' New York Labor Law violations, Ms. Zhou and the members of the class are entitled to

recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

**COUNT VI**

**(New York Labor Law – Illegal Tip Retention)**

84. Ms. Zhou, on behalf of herself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, Ms. Zhou and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86. Defendants willfully violated Ms. Zhou's rights and the rights of the members of the class by illegally retaining a portion of their tips, in violation of New York Labor Law § 196-d.

87. Defendants' illegal retention of tips was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

88. Due to defendants' New York Labor Law violations, Ms. Zhou and the members of the class are entitled to recover from defendants their unpaid compensation,

liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

89. Ms. Zhou, on behalf of herself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

90. At all relevant times, Ms. Zhou and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

91. Defendants willfully violated Ms. Zhou's rights and the rights of the members of the class by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act between April 8, 2011 and the end of their employment.

92. Defendants willfully violated Ms. Zhou's rights and the rights of the members of the class by failing to provide them with the annual notices required by the Wage Theft Prevention Act upon hiring or between February 1, 2012 and the end of their employment.

93. Due to defendants' New York Labor Law violations, Ms. Zhou and the members of the class are entitled to

recover from the defendants statutory damages of $100 per week from April 8, 2011 to the termination of their employment, and $50 per week from February 1, 2012 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Zhou, on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Ms. Zhou and her counsel to represent the Class;

    b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Ms. Zhou and her

counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

g.  An award of liquidated damages as a result of defendants' failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of compensatory damages as a result of defendants' failure to pay the spread of hours premium payment pursuant to New York Labor Law;

i. Compensation for tips illegally retained by defendants;

j. Liquidated damages for defendants' New York Labor Law violations;

k. Statutory damages for defendants' violations of the New York Wage Theft Prevention Act;

l. Back pay;

m. Punitive damages;

n. An award of prejudgment and postjudgment interest;

o. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

p. Such other, further, and different relief as this Court deems just and proper.

Dated: July 21, 2014

_____
David Stein (DS 2119)
SAMUEL & STEIN

38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884

Vincent S. Wong (VW 9016)
LAW OFFICES OF VINCENT S. WONG
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099

Attorneys for Plaintiff